UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON


CIVIL CASE NO. 13-223-WOB-CJS

MARY FRANCES JONES                                                              PLAINTIFF


v.                              REPORT AND RECOMMENDATION


CAROLYN W. COLVIN, Acting
Commissioner of Social Security                                           DEFENDANT


\* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff Mary Frances Jones brings this action under 42 U.S.C. § 405(g) challenging Defendant Commissioner's final decision denying her application for benefits under Title II and Title XVI of the Social Security Act. This matter has been referred to the undersigned for preparation of a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). At issue is whether the Administrative Law Judge (ALJ) erred in finding Plaintiff "not disabled" and therefore not entitled to benefits. After a thorough review of the administrative record, for the reasons explained below it will be **recommended** that Plaintiff's Motion for Summary Judgment be **denied**, and the Commissioner's Motion for Summary Judgment be **granted.**

I.      STANDARD OF REVIEW AND THE ADMINISTRATIVE PROCESS

In reviewing the decision of an ALJ in social security cases, the only issues before the reviewing court are whether the ALJ applied the correct legal standards and whether the decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). Substantial evidence is "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.  *Blakley*, 581 F.3d at 406.  "The substantial-evidence standard . . . presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts."  *Id*. (*citing Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)).  Thus, even if the evidence could also support another conclusion, the decision of an ALJ must stand if the evidence could reasonably support the conclusion reached.  *Id*. (*citing Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

In this case, Plaintiff must establish that she is disabled within the meaning of the Social Security Act in order to qualify for benefits.  42 U.S.C. § 423(a)(1).  The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).

The Social Security Act requires the Commissioner to follow a five-step analysis when making a determination on a claim of disability.  *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 803-04 (6th Cir. 2008) (*citing Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990)); *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001).  First, a claimant must demonstrate that she is not currently engaged in "substantial gainful activity."  *Vance*, 260 F. App'x at 803 (*citing* 20 C.F.R. §§ 404.1520(b), 416.920(b)).  Second, if the claimant is not engaged in substantial gainful activity, she must demonstrate that she suffers from a severe impairment.  *Id*. at 803-04.  "A 'severe impairment' is one which 'significantly limits . . . physical or mental ability to do basic work

2

activities.'" *Id*. at 804 (*citing* 20 C.F.R. §§ 404.1520(c), 416.920(c)).  Third, if the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets or equals a listed impairment located at 20 C.F.R. part 404, subpart P, appendix 1, then the claimant is presumed disabled regardless of age, education or work experience.  *Id*.  (*citing* 20 C.F.R. §§ 404.1520(d), 416.920(d)).  Fourth, the claimant is not disabled if her impairment(s) does not prevent her from doing her past relevant work.  *Id*.  Lastly, even if the claimant cannot perform her past relevant work, she is not disabled if she can perform other work that exists in the national economy.  *Id*. (*citing Abbott*, 905 F.2d at 923).  Throughout this process, the claimant carries the overall burden of establishing that she is disabled, but the Commissioner bears the burden of establishing that the claimant can perform other work existing in the national economy.  *Id*.  (*quoting Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)).

## II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff's alleged disability began on October 20, 2010, when she was forty-two years old. (Administrative Record (A.R.) 48).   Plaintiff has a high school education, with one year of community college.  (*Id.* at 163).  Plaintiff has previous work experience as a housekeeper, cashier, and set up operator.  (*Id.* at 358, 367-73).  Plaintiff claims disability based on back problems, carpal tunnel, and depression.  (*Id.* at 311, 326).

On December 9, 2010, Plaintiff filed applications for disability insurance benefits and supplemental security income, with a protective filing date of October 20, 2010.  (*Id.* at 263-73). These claims were denied initially, and again upon reconsideration.  (*Id.* at 173-80, 186-91). Plaintiff had a hearing in front of an Administrative Law Judge on September 16, 2011 (*id.* at 30-

80),[1] and a second hearing before a different ALJ on July 30, 2012  (*id.* at 81-124).  Plaintiff

appeared and testified at the hearing before the ALJ.  The ALJ also heard testimony from an

impartial vocational expert (VE).  (*Id.* at 81-124).  After receiving testimony and reviewing the

record, the ALJ issued a written decision on August 9, 2012, finding Plaintiff was not disabled

within the meaning of the Social Security Act.  (*Id.* at 11-29).  The Appeals Council subsequently

denied Plaintiff's request for review.  (*Id.* at 1-4).

The ALJ used the five-step sequential process to determine that Plaintiff was not disabled.

(*Id.* at 94).  *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).  At step one, the ALJ determined that Plaintiff

had not engaged in substantial gainful employment since October 20, 2010—the date of her alleged

onset date of her disability.[2]  (A.R. 95).  At step two, the ALJ determined that Plaintiff had the severe

impairments of chronic neck and low back pain secondary to multilevel disc bulges and degenerative

disc disease of the cervical, thoracic, and lumbar spine; loss of vision in the left eye; bilateral carpal

tunnel syndrome; and hypothyroidism under 20 C.F.R. §§ 404.1520(c) and 416.920(c).  (*Id.*).

At step three, the ALJ analyzed Plaintiff's impairments individually and in combination, and

found that Plaintiff did not have an impairment that meets or equals the level of severity set forth in

any of the Listing of Impairments under the applicable Federal Regulation.  (*Id.* at 95-96).  At step

four, the ALJ determined that Plaintiff had the residual functional capacity (RFC) to perform

---

[1]At Plaintiff's second hearing, the ALJ explained that although Plaintiff had previously participated in a hearing in front of a different ALJ, the ALJ in the first hearing had thereafter suffered a stroke, and as a result had not had the opportunity to issue a decision in Plaintiff's case.  (A.R. at 83-84).  Any subsequent references in this Report and Recommendation to the "hearing" or the "ALJ" will refer to the second hearing held on July 30, 2012, in front of Roger L. Reynolds, Administrative Law Judge.

[2]The ALJ found Plaintiff met the insured status requirements of the Social Security Act through December 31, 2015.  (A.R. at 16).

4

sedentary work, as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), with the following limitations:

> [Plaintiff can] lift and carry 10 pounds occasionally and less than 10 pounds frequently; sit for six hours of an eight hour day and stand and walk for 90 minutes to two hours each, but with a sit-stand option with no prolonged standing or walking in excess of 45 minutes without interruption and no sitting in excess of one hour with no interruption; no climbing or ladders, ropes, or scaffolds; no operation of foot pedal controls; occasionally climb ramps and stairs; occasionally stoop, kneel, crouch, or crawl; no work requiring binocular vision or depth perception.

(*Id.* at 18). Due to Plaintiff's mental impairments, the ALJ found her capacity for sedentary work was further limited to entry-level work with simple, repetitive procedures and no frequent changes in work routines. (*Id.*). Additionally, the ALJ provided that Plaintiff should have only occasional and casual contact with coworkers, supervisors, or the general public. (*Id.*).

At the hearing, the ALJ heard testimony from an impartial VE who stated that based on the RFC provided by the ALJ, Plaintiff could not perform her past relevant work. (*Id.* at 22). The ALJ then proceeded to step five, and adopted the VE's opinion that, given the stated RFC, there were other jobs in the national economy that Plaintiff would be able to perform, namely representative occupations such as clerical work, hand packing, or inspector/sorter/grader. (*Id.*). Accordingly, the ALJ concluded that Plaintiff was not "disabled" for social security purposes. (*Id.* at 23).

Plaintiff appealed the ALJ's decision to the Social Security Appeals Council, and on October 30, 2013, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's August 9, 2012, decision denying Plaintiff benefits the final decision of the Commissioner. (*Id.* at 1). On December 23, 2013, having exhausted her administrative remedies, Plaintiff timely filed a Complaint asserting that the ALJ's decision was contrary to law. (R. 1, at 2).

Plaintiff has filed a Motion for Summary Judgment, arguing that the ALJ failed to properly weigh the opinions of Plaintiff's treating physician, Dr. Denham.  (R. 13-1, at 6).  Plaintiff also contends that the ALJ erred in assessing Plaintiff's mental residual functional capacity according to SSR 85-16.  (*Id.* at 8).  Finally, Plaintiff asserts that the ALJ erred in relying on the VE's testimony, because the VE's opinion was based on an incomplete RFC assessment.  (*Id.* at 12).  Each of these arguments will be addressed in turn.

## III.   ANALYSIS

### A.   The ALJ properly assessed Dr. Denham's opinion

Plaintiff argues that the ALJ failed to give deference to the opinion of treating physician, Dr. Denham.  "Generally, the opinions of treating physicians are given substantial, if not controlling, deference."  *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (*citing* 20 C.F.R. § 404.1527(d)(2)).  However, treating physicians' opinions do not automatically bind the ALJ: these opinions are only entitled to controlling weight when they are supported by objective medical evidence and consistent with other substantial evidence in the record, *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004), and not contradicted by substantial evidence to the contrary.  *Loy v. Secretary*, 901 F.2d 1306, 1308-09 (6th Cir. 1990); *see* C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).  If the ALJ finds the treating physician's opinion fails to meet these conditions, he may discredit that opinion, so long as he gives good reasons for doing so.  20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see also Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013).  These reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to

the treating source's medical opinion and the reasons for that weight." *Gayheart*, 710 F.3d at 376 (*quoting* Soc. Sec. Ruling No. 96-2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996)).

Here, Plaintiff argues that the ALJ failed to follow the treating physician rule and properly weigh the medical opinions of her treating physician, Dr. Denham.  Plaintiff submitted an RFC questionnaire completed in June 2012 by Cynthia Schaefer, APRN, which provided opinions of Plaintiff's impairments.  (A.R. at 21, 1089-91).  Ms. Schaefer opined that Plaintiff would be unable to complete an eight-hour workday, and that pain would constantly interfere with the attention and concentration necessary to perform simple work-related tasks.  (*Id.* at 1089).  She also found that Plaintiff would need to recline or lie down during the workday in excess of customary breaks, and could sit, stand, or walk for only five minutes at a time, for less than an hour a day.  (*Id.*).  Furthermore, she found that Plaintiff could only occasionally lift less than ten pounds and never more.  (*Id.* at 1090).  She indicated that Plaintiff had limitations in repetitive reaching, handling, or fingering, and could never use her hands and fingers to grab, twist, and turn objects, perform fine manipulations, or reach.  (*Id.*).  Finally, Ms. Schaefer concluded that Plaintiff would miss work more than four times a month.  (*Id.*).  On July 23, 2012, Plaintiff resubmitted Ms. Schaefer's opinion with the addition of Dr. Denham's signature.  (*Id.* at 1147-49).[3]

The ALJ found that these restrictions, offered by Ms. Schaefer and signed by Dr. Denham, were not well supported by medically acceptable clinical and laboratory diagnostic techniques.  (*Id.* at 100).  The ALJ noted, as an example, that Plaintiff's primary complaint was of pain in her lower back, but MRIs had found only mild disc bulges in the lumbar spine, with no stenosis, no foraminal

---

[3]Nurse practitioners are not acceptable medical sources under the applicable regulations.  *See* 20 C.F.R. §§ 404.1502, 416.902 (defining treating source); 404.1513(a), 416.913 (defining acceptable medical sources).  Accordingly, their opinions are not eligible to receive controlling weight.  *See* SSR 06-03p.

narrowing, and no nerve root contact, and independent examinations had noted few significant findings.  (*Id.* at 100).  The ALJ also found that the restrictions were not supported by other objective medical evidence in the record.  For instance, a cardiac stress test on February 6, 2012, required Plaintiff to exercise for 5 minutes on a Bruce protocol, achieving a work load of 7.0 METS.  There, the treatment provider noted that "overall this is a normal EKG with mild reduction in functional capacity."  (*Id.* at 100).  Furthermore, the ALJ noted Plaintiff's treating psychiatrist, Dr. Mercado, had indicated that Plaintiff's mental conditions caused only moderate symptoms.  (*Id.*).

Plaintiff asserts that the ALJ erred by failing to note whether <u>any</u> weight was afforded to the opinion.  (R. 13-1, at 8-9).  However, Plaintiff's claim is without merit.  After the analysis, set forth above, the ALJ concluded, "Dr. Denholm [sic] and Ms. Schaefer's opinion of disability cannot be adopted (20 C.F.R. § 404.1527(e); Social Security Ruling 96-5p)."  (A.R. at 100).  Thus, the ALJ declined to give weight to the opinion.

Plaintiff also argues that the ALJ failed to give "good reasons" for the weight assigned to the RFC assessment from Ms. Schaefer and Dr. Denham.  (R. 13-2, at 9).  Where the opinion of a treating source is not accorded controlling weight, an ALJ must apply certain factors in determining what weight to give the opinion.  *See* 20 C.F.R. § 404.1527(d)(2).  The regulation also contains a clear procedural requirement: "We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion."  *Wilson*, 378 F.3d at 544 (*citing* 20 C.F.R. § 404.1527(d)(2)).  This procedural requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule."  *Id.*

To meet this requirement, the ALJ must first clarify whether the treating source's opinion was "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "was

8

not inconsistent with other substantial evidence in [the] case record," and identify evidence to support his finding. *Id.* at 546. Second, the ALJ must determine what weight he accorded to the treating source's opinion by considering the five factors outlined in 20 C.F.R. §§ 404.1527(c)(1)-(5) and 416.927(c)(1)-(5). These factors include: (1) the length of the treatment relationship and frequency of the examination, (2) the nature and extent of the treatment relationship, (3) the supportability of the opinion, (4) the consistency of the opinion with the record as a whole, and (5) the specialization of the treating source. 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2).

The ALJ "must not be vague or overly general" in explaining his application of the treating physician rule. *Willis v. Colvin*, No. 12-50-DLB, 2013 WL 4591236, at *3 (E.D. Ky. Aug. 28, 2013). These reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Wilson*, 378 F.3d at 544 (*quoting* SSR No. 96-2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996)). An ALJ's failure to provide good reasons for electing to not give controlling weight to a treating source denotes a lack of substantial evidence and requires remand, unless it constitutes harmless error. *Wilson*, 378 F.3d at 544-50.

In the present case, as noted above, the ALJ first clarified that the limitations described in the RFC assessment were not well supported by medically acceptable clinical and laboratory diagnostic techniques and were inconsistent with the other substantial evidence in the record. (A.R. at 100). However, at the second step, the ALJ only addressed two of the requisite five factors listed in 20 C.F.R. §§ 404.1527(c)(1)-(5) and 416.927(c)(1)-(5)—the supportability of the opinions, and the consistency of the opinion with the record as a whole. The ALJ did not specifically address the

length and frequency of the treatment relationship, the nature and extent of the treatment relationship, and Dr. Denham's specialty, if any.

However, a treating physician's opinion is only entitled to deference when it is a *medical opinion*. 20 C.F.R. §§ 404.1527(e), 416.927(e) (*emphasis added*). A medical source opinion on an "issue reserved to the Commissioner"—such as whether a plaintiff is "disabled"—is "not [a] medical opinion," and "does not mean that [the Commissioner] will determine that [a plaintiff is] disabled." *Id.* "Medical sources often offer opinions about whether an individual . . . is 'disabled' or 'unable to work' . . . Such opinion on these issues must not be disregarded. However, even when offered by a treating source, they can never be entitled to controlling weight or given special significance." Soc. Sec. Ruling 96-5p, 1996 WL 374183, at *3 (July 2, 1996).[4]  "The determination of disability is [ultimately] the prerogative of the [Commissioner], not the treating physician." *Warner*, 375 F.3d at 390 (*quoting Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985)).

Here, Ms. Schaefer's statements, seconded by Dr. Denham, were merely her opinions that Plaintiff was "unable to work," and were therefore properly discounted by the ALJ as an opinion on an issue reserved to the Commissioner. *Turner v. Comm'r of Soc. Sec.*, 381 F. App'x 488, 493 (6th Cir. 2010).  Notably, the information provided in the questionnaire did not provide clinical findings to support the opinions. *See, e.g., Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) ("[An] ALJ 'is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation.'" (*quoting King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984)); *see also Osier v. Astrue*, 2:10-CV-00044, 2011 WL 2670578, at *19 (M.D. Tenn. July

---

[4]Social Security Rulings do not have the full force and effect of law, but they are binding on all components of the Social Security Administration and represent precedential final opinions and orders and statements of policy and interpretations adopted by the Commissioner.  20 C.F.R. § 402.35(b)(1).

8, 2011) (doubting the deference given "a physician's opinion provided for purposes of litigation by means of checking boxes and filling in blanks . . . where [] the physician did not even attempt to support his opinions with reference to the medical record or his own treatment notes").

Although the ALJ did not specifically address all of the factors listed in 20 C.F.R. §§ 404.1527(c) and 416.927(c), the violation of this procedural safeguard does not necessitate remand of this case. In some circumstances, an ALJ's failure to articulate "good reasons" for the weight accorded to treating physician's opinions may constitute harmless error. For example harmless error may exist: (1) if a treating source opinion is so patently deficient that the ALJ could not possibly credit it; (2) if the ALJ adopts the opinion or makes findings consistent with the opinion; or (3) if the ALJ has complied with the goal of 20 C.F.R. §§ 404.1527(c) and 416.927(c) by analyzing the treating physician's contradictory opinions or by analyzing other opinions of record. *See, e.g., Nelson v. Comm'r*, 195 F. App'x 462, 270-72 (6th Cir. 2006); *Hall v. Comm'r*, 148 F. App'x 456, 464 (6th Cir. 2006); *Friend v. Comm'r*, 374 F. App'x 543, 551 (6th Cir. 2010).

In the present case, the ALJ complied with the goals of 20 C.F.R. §§ 404.1527(c) and 416.927(c) when he clearly represented that the opinions in the RFC questionnaire completed by Ms. Schaefer and signed by Dr. Denham "are not well supported by medically acceptable clinical and laboratory diagnostic techniques and are inconsistent with the other substantial evidence in the record." (A.R. at 21). The ALJ detailed the medical evaluations by various doctors that were inconsistent with the severe limitations in Dr. Denham's RFC assessment. The ALJ noted that in January of 2011, Dr. Corey examined the Plaintiff, and observed that the Plaintiff had normal gait, station, and coordination, with no difficulty getting on and off the examination table. (*Id.* at 19). He found that Plaintiff's range of motion was without normal limits throughout, and Plaintiff was

11

neurologically intact. (*Id.*).[5]  The ALJ also found the November 2011 consultative examination by Dr. Wells was inconsistent with the extreme limitations opined by Dr. Denham.  The ALJ noted that Dr. Wells diagnosed Plaintiff with chronic low back pain and depression, and opined that she would have mild difficulty squatting, but could be reasonably expected to sit, lift, carry light weight, stand and walk for short periods, and use her upper extremities as needed.  (*Id.*).  Dr. Wells qualified that Plaintiff might have difficulty lifting and carrying moderate or heavy weight, stooping, or crawling. (*Id.*).

Moreover, the ALJ found that Dr. Denham's severe limitations were not supported by the diagnostic imaging of record.  Specifically, MRIs of the Plaintiff's lumbar spine taken in November 2010 and March 2012 revealed only mild disc bulges in the lumbar spine.  The MRIs revealed no stenosis, no foraminal narrowing, and no nerve root contact.  (*Id.* at 19, 21).  The ALJ concluded that physical examinations and diagnostic imaging had noted few significant findings which would support the extreme limitations in Dr. Denham's RFC assessment.  (*Id.* at 22).  As noted above, Ms. Schaefer and Dr. Denham did not accompany the RFC assessment with the result of a physical examination, nor did they provide a medical explanation for the extreme limitations identified in the assessment.  *See* 20 C.F.R. § 416.927(d)(3) (stating that more weight should be given to opinions with supporting explanations).  Finally, the ALJ noted Ms. Jones' own testimony of her daily activity further discredited Dr. Denham's assessment: Plaintiff stated that she cooks breakfast, vacuums, shops, cleans, does laundry, washes dishes, cares for her personal needs, and plays video games with

---

[5]Dr. Corey stated that Plaintiff "is able to sit for about 60 minutes before developing back pain.  She is able to stand for 20 minutes before developing back pain.  She is able to walk one block before developing back pain.  She is able to lift and carry 8-10 pounds [and has] mild difficulty handling objects with both hands as her fingertips are numb bilaterally."  The ALJ gave this opinion limited weight, noting it was not supported by his largely normal examination findings and the opinion appeared to merely parrot the Plaintiff's subjective complaints regarding her abilities.  (A.R. at 19).

her daughter.  (A.R. at 21; 296-304; 305-09; 962-72).  These are hardly the activities of an individual who suffers from the extreme limitations opined in Dr. Denham's RFC assessment.

In sum, the lack of supporting medical evidence and inconsistency of the opinions with the record as a whole provide substantial support for the ALJ's decision to not adopt Ms. Shaefer's opinions of extreme limitations, as seconded by Dr. Denham.  *See Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 440 (6th Cir. 2010).  Further, because the ALJ did not err in not adopting these opinions, the Court finds that the ALJ's proffered reasons for not according controlling weight to Ms. Schaefer and Dr. Denham's assessment satisfies the "good reason" requirement contained in 20 C.F.R. §§ 404.1527 and 416.927.

### B.    The ALJ properly assessed Plaintiff's mental RFC

Plaintiff also contends that the ALJ failed to properly resolve inconsistencies in the record and reached an inaccurate mental RFC in light of the record as a whole.  (R. 13-1, at 9).  Specifically, Plaintiff complains that the ALJ gave "little weight" to the opinions of consultative examiner Dr. Andrew Jones.  (*Id.* at 9-12).  Plaintiff maintains that SSR 85-16 required the ALJ to re-contact treating physicians to resolve apparent inconsistencies in the record, and because the ALJ failed to do so, he improperly engaged in medical analysis.  (*Id.* at 11-12).  This argument also fails.

The Social Security Act instructs that the ALJ—not a physician—ultimately determines a claimant's RFC.  42 U.S.C. § 423(d)(5)(B); *see Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 578 (6th Cir. 2009) ("Although physicians opine on a claimant's residual functional capacity to work, ultimate responsibility for capacity-to-work determinations belongs to the Commissioner.").  The Sixth Circuit has recognized that, under the Social Security regulations, "the ALJ is charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an

13

assessment of [the claimant's] residual functional capacity." *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004). The ALJ is charged with evaluating all of the myriad evidence in the record and synthesizing it into a concise RFC. It is not necessary for the RFC to reflect any specific medical opinion in the record, and the ALJ "does not improperly assume the role of a medical expert by weighing the medical and non-medical evidence before rendering an RFC finding." *Coldiron*, 391 F. App'x at 439.

Here, the ALJ found that Plaintiff had the mental RFC for "entry level work with simple, repetitive procedures and no frequent changes in work routines; [Plaintiff] should work in an object oriented environment with only occasional and casual contact with co-workers, supervisors, and the general public." (A.R. at 18). In reaching this conclusion, the ALJ took care to discuss each medical source in the record, and to delineate the weight he accorded to each opinion. In addition, the ALJ examined the non-medical evidence of record including Plaintiff's daily activities and her testimony regarding her social functioning.

Plaintiff's argument suggests that the ALJ's mental RFC determination was in error because there existed contradictory evidence in the record that would support more severe mental RFC limitations. However, the Court "must defer to an agency's decision even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001). Although the mental RFC assigned by the ALJ is not reflective of any single medical source, this is of no error.

Moreover, the ALJ did not improperly engage in medical analysis when determining Plaintiff's mental RFC, as Plaintiff asserts. "The Social Security Act instructs that the ALJ—not a

14

physician—ultimately determines a claimant's RFC." *Coldiron*, 391 F.3d at 439.  Contrary to Plaintiff's suggestion, SSR 85-16 instructs an ALJ to re-contact a medical source only where the medical source notes appear incomplete, and not simply because the record contains conflicting evidence.  Soc. Sec. Rul. 85-16, 1985 WL 56855, at *3 (Jan. 1, 1985).   Thus, the ALJ was not obligated to re-contact treating sources to resolve inconsistencies in the record.  Accordingly, the RFC is supported by substantial evidence, as it is reflective of several medical sources and the record as a whole.

### C.   The VE's testimony supports the ALJ's conclusion that Plaintiff is not disabled

Finally, Plaintiff complains that the ALJ's hypothetical questions to the VE did not accurately portray Plaintiff's impairments.  (R. 13-1, at 12).  Specifically, Plaintiff contends that the ALJ failed to include an accurate description of her "'marked' limitation in ability to make judgments on simple, work related decisions; interact appropriately with the public, coworkers and supervisors; and respond appropriately to usual work situations and to changes in routine work settings."  (*Id.*). Plaintiff also complains that the ALJ failed to incorporate Dr. Jones' assessment that she "does not presently possess the psychological/mental skills and coping mechanisms to adapt or respond to pressures normally found in occupational settings."  (*Id.*).

A hypothetical question is adequate if it accurately portrays a claimant's abilities and limitations and is supported by the medical evidence.  *See Parks v. Soc. Sec. Admin.*, 413 F. App'x 856, 865 (6th Cir. 2011); *Webb*, 368 F.3d at 633; *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).  A statement of the claimant's abilities and limitations, however, need not include an enumeration of every diagnosis of impairment.  *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002).  Instead, an ALJ need only include those restrictions which he has

15

deemed credible. *Parks*, 413 F. App'x at 865; *Stanley v. Sec'y of Health & Human Servs.*, 39 F.3d 115, 118-19 (6th Cir. 1994).

The ALJ posed several hypothetical questions to the VE during Plaintiff's hearing. (A.R. 116-18). First, the ALJ asked the VE if a person of the Plaintiff's age, education, and experience could perform any of Plaintiff's past work with the following limitations:

> Capacity to lift and carry 10 pounds occasionally, less than 10 pounds frequently. Sitting one-and-half to—I mean standing/walking one-and-a-half to two hours in an eight hour-day, sitting six to seven hours in an eight-hour day, requiring a sit/stand option with no prolonged standing or walking in excess of 45 minutes without interruption, no sitting in excess of an hour to an hour-and-a-half without interruption. No climbing of ropes, ladders, or scaffolds. No operation of foot pedal controls. Occasional climbing of stairs or ramps. Occasional stopping, kneeling, crouching, or crawling. No work requiring binocular vision or depth perception. Further requires entry level work with simple or repetitive procedures. No frequent changes in work routines. And no requirement for—well. Should have limited contact with coworkers, supervisors, or the general public.

(*Id.* at 116). The VE responded that such a person could not perform any of Plaintiff's past work. The ALJ then proceeded to step five, and asked if there were any jobs available in the national economy that could be performed with those same limitations. (*Id.* at 117). The VE proceeded to list several sedentary jobs which, in her opinion, would be available to an individual with those limitations. (*Id.*). The ALJ then offered the VE a third hypothetical to reflect the extreme limitations enumerated in Ms. Schaefer's RFC questionnaire, signed by Dr. Denham:

> [i]f you assume sitting or standing is at no more than five minutes at a time without interruption—that she could not sit any hours total in an eight hour day. Lifting limited to less than 10 pounds on an occasional basis. No use of the hands for grasping, twisting, fine manipulation, or reaching overhead. Anticipating up to four absences a month. Also have the need to lie down at frequent intervals during the course of the day.

(*Id.* at 117-18). The VE answered that with those limitations, it was her opinion that there would be no jobs that such an individual could perform. (*Id.* at 118).

16

Upon consideration, the hypothetical questions posed to the VE were complete and supported by substantial evidence. The hypotheticals include the limitations that the ALJ, in considering the record as a whole, found credible. The ALJ ultimately relied on the second hypothetical in finding that Plaintiff could perform a significant number of jobs in the national economy, and was therefore not disabled. The second hypothetical is consistent with the ALJ's final RFC determination.

Plaintiff maintains that the ALJ should have included Dr. Jones' opinion that Plaintiff "does not presently possess the psychological/mental skills and coping mechanisms to adapt or respond to pressures normally found in occupational settings." (R. 13-1, at 12). However, the ALJ is only required to incorporate limitations in the hypothetical question that were accepted as credible. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). Here, the ALJ rejected Dr. Jones' opinions as both internally inconsistent and inconsistent with Plaintiff's treatment notes. (A.R. at 20). Therefore, the ALJ was not required to include Dr. Jones' limitations in forming his hypothetical questions. *See Foster*, 279 F.3d at 356 (finding no error where the ALJ did not include a physician's limitations in his hypothetical question where the physician's opinion was not entitled to significant weight).

Plaintiff argues that "this case must be reversed and remanded with instructions to award benefits because the VE testified that [Plaintiff] could not perform work competitively with those restrictions." (R. 13-1, at 13). Plaintiff bases her argument on the third hypothetical posed by the VE, which incorporated the RFC assessment provided by Ms. Schaefer and signed by Dr. Denham. However, the ALJ was not required to accept the VE's testimony in response to a hypothetical question which included limitations that the ALJ ultimately rejected. *See Varley*, 820 F.2d at 779-80. As discussed above, the ALJ properly rejected the opinions of Ms. Schaefer and Dr. Denham.

17

Accordingly, contrary to Plaintiff's claim, the hypothetical questions posed to the VE were an accurate summation of the medical limitations and vocational factors included in the ALJ's RFC finding.

**IV.    CONCLUSION AND RECOMMENDATION**

As explained above, the ALJ's decision is supported by substantial evidence and should be affirmed.  Accordingly, **IT IS RECOMMENDED** that:

1.    The Commissioner's decision be found to be supported by substantial evidence and therefore **affirmed**;

2.    Plaintiff's Motion for Summary Judgment (R. 13) be **denied**;

3.    Defendant's Motion for Summary Judgment (R. 14) be **granted**; and,

4.    Judgment be entered and this matter be **stricken** from the active docket of the Court.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days of the date of service or further appeal is waived.  28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985).  A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

Dated this 31st day of March, 2015.



**Signed By:**

**_Candace J. Smith_**

**United States Magistrate Judge**

G:\DATA\social security\13-223 Jones R&R dismiss.ad.wpd